UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4972

TERRY ANTONIO LEATH,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
James A. Beaty, Jr., District Judge.
(CR-97-78)

Submitted: July 21, 1998

Decided: September 2, 1998

Before MURNAGHAN, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William L. Osteen, Jr., ADAMS & OSTEEN, Greensboro, North Car-
olina, for Appellant. Walter C. Holton, Jr., United States Attorney,
Timika Shafeek, Assistant United States Attorney, Tommy Simpson,
Third-Year Law Student, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Terry Antonio Leath was convicted by a jury of conspiracy to possess cocaine base ("crack") with intent to distribute, see 21 U.S.C. § 846 (1994), and received a sentence of 292 months imprisonment. He appeals his sentence, contending that the district court clearly erred in determining that he was accountable for at least 1.5 kilograms of crack. We affirm.

During the investigation leading to Leath's arrest, his supplier, Jason Bass, was arrested at the train station in Greensboro, North Carolina, with over 400 grams of crack (about 15 ounces). Of that amount, 7.8 ounces was intended for Leath. Bass cooperated with authorities and disclosed that he had mailed an Express Mail package which was seized a year earlier. The 7.3 grams of crack contained in the package had also been intended for Leath.

In pretrial interviews and in his trial testimony, Bass estimated that he had supplied Leath with more than two kilograms of crack between 1993 and 1996. The specific amounts Bass testified to at trial were somewhat greater than the amounts he reported in pretrial interviews. Because of this discrepancy, and because Bass smoked marijuana and another government witness, Henry Lea, used crack, Leath argued at sentencing that their evidence was unreliable and that only the seized amounts should be considered for sentencing purposes. However, the district court determined that the government had proved that Leath was accountable for at least 1.5 kilograms of crack, resulting in a base offense level of 38. Leath argues on appeal that the district court failed to consider the unreliability of the evidence provided by Bass and Lea.

The government has the burden of proving the quantity of drugs attributable to the defendant by a preponderance of the evidence. See United States v. McDonald, 61 F.3d 248, 255 (4th Cir. 1995). Where the drug amount seized does not reflect the scale of the offense, the district court "shall approximate the quantity of the controlled substance." USSG § 2D1.1, comment. (n.12). Nevertheless, in resolving disputed matters at sentencing, the district court may consider only

2

evidence which has sufficient indicia of reliability to support its probable accuracy. USSG § 6A1.3(a), p.s. Under United States v. Hicks, 948 F.2d 877, 883 (4th Cir. 1991), the factual evidence relied on must "`have some minimal indicium of reliability beyond mere allegation.'" (citations omitted).

Here, the district court made an implicit finding that Bass and Lea provided credible evidence which established Leath's involvement with at least 1.5 kilograms of crack. We review the court's determination for clear error. See McDonald, 61 F.3d at 255. Bass testified that he delivered well over 1.5 kilograms of crack to Leath. All but about three ounces of the 1.5 kilograms of crack was corroborated by seized amounts, the known weight of the two unseized Express Mail packages Bass mailed to Lea for delivery to Leath, and Leath's telephone records. On this record, we cannot say that the court clearly erred in finding that 1.5 kilograms of crack was received by Leath from Bass over the duration of the conspiracy.

The sentence is therefore affirmed. Leath's motion to reopen the briefing schedule is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3